FILED & ENTERED

SEP 02 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Cetulio    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Gordon Duane Nowlin<br>Rosanne Elise Nowlin<br><br><br>Debtor(s). | CHAPTER 7<br><br>Case No.: 1:14-bk-14758-MT<br>Adv No:   1:15-ap-01123-MT |
| Anthony Fox, Edith Fox<br><br>Plaintiff(s),<br>v.<br><br>Gordon Duane Nowlin, Nancy Zamora<br><br><br>Defendant(s). | **MEMORANDUM OF DECISION AFTER TRIAL**<br><br><br><br>Date:       July 29, 2016<br>Time:       9:00 a.m.<br>Courtroom: 302 |

    This case concerns the application of the Chapter 7 Trustee's status as a bona fide purchaser under 11 U.S.C. § 544(a)(3) to a claim by Anthony and Edith Fox (collectively the "Foxes" or "Plaintiffs," individually as "Anthony" and "Edith") that they own property.  Nancy Zamora, the duly appointed Chapter 7 Trustee for the Estate in this case (the "Trustee"), seeks to sell real property located at 23350 Santa Susanna Pass Road, Chatsworth, California 913111, and identified in the Los Angeles County Recorder's Office ("Recorder's Office") as Assessor's Parcel No. 2723-001-001 (the "Property").  The trial was bifurcated so that the initial question of whether Trustee had constructive notice of the Foxes' interest could be decided first.  As the Court concludes

that Trustee had no constructive knowledge of any interest in the property other than the debtors', there is no need to hold the second part of the bifurcated trial to determine what the extent of the other interest is.

Findings of Fact[1]

**Background**

On October 20, 2014, Debtors Gordon and Rosanne Nowlin (collectively "Debtors" or "Nowlins," and individually as "Gordon" and "Roseanne") filed a voluntary chapter 7 petition. Debtors listed the Property in Schedule A as a community asset with a fair market value of the Property as $100,000.00 and secured claims at $0. Trustee's Decl., Ex. 2. Debtors listed no debt secured by the Property on Schedule D. Id. Debtors claimed no exemption in the Property or in proceeds from the sale of the Property on Schedule C. Id. The Schedules made no mention of either of the Foxes or any liens of any kind related to the Foxes secured by the Property. Id. The parties have stipulated that Roseanne Nowlin died postpetition on November 25, 2015 and that Gordon Nowlin is under the care of a state-ordered conservator.

On December 19, 2014, the Court entered an order approving Trustee's employment of Behnaz Tavakoli of Rodeo Realty, Inc. ("Rodeo Realty") as real estate broker for the Estate to market and sell the Property as of December 2, 2014 with a listing price of $100,000.00. Rodeo Realty listed and actively marketed the Property for sale. Trustee's Decl. at ¶ 6; bankr. ECF doc. no. 25.

On or about May 13, 2015, Behnaz Tavakoli emailed Trustee informing her that Edith had sent Tavakoli a text claiming that the Foxes had an interest in the Property. Trustee's Decl., ¶ 7. Trustee alleges that the message from Edith stated that she and her husband were owed $50,000 from Debtors, secured by the Property. The record is not clear how the Foxes learned of the proposed sale of the Property. As of the Petition Date, and up to the time of this communication, Trustee alleges that she had no notice (inquiry, constructive, or actual) that the Foxes claimed an interest in the Property. See Joint Pretrial Stipulation at ¶¶ 1 – 17.

In a letter to the Trustee dated May 20, 2015, Anthony asserted ownership in the Property, claiming that he had 'more than a passing interest in [this] property.' Trustee's Decl., Ex. 3. The letter from Anthony continued, "In fact, I believe that we own this parcel of land," relying on an alleged May 2007 grant deed. Trustee's Decl., ¶ 8; Ex. 3. Anthony also referred to the circumstances as a 'complicated matter.' Id. Trustee alleges that the list of enclosures in the letter included, among other things, a property profile, an alleged deed of trust dated May 2007 and a note. Id.

---

[1] To the extent any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. To the extent any party should later assert that this Court may not hear and determine this matter, that party is required to file written objections pursuant to Fed. R. Bankr. P. 9033, and the following shall be considered proposed findings of fact and conclusions of law should the District Court find this Court lacked authority to enter a final ruling.

The Foxes allege that on November 17, 2006, Gordon and Rosanne Nowlin executed a straight note in favor of the Foxes for $25,000 with no interest provided for on the face of the note ("Fox Note"). Decl. of Nancy Zamora in Support of MSJ (the "Trustee's Decl."), Ex. 9.  The Foxes then allege that on or about November 20, 2006, Debtors executed a Deed of Trust and Assignment of Rents in favor of Foxes related to the Fox Note ("2006 Fox Deed of Trust") for the Property. Trustee's Decl., Ex. 10. A grant deed transferring the Property from Debtors to the Foxes was also executed on November 20, 2006 (the "2006 Nowlin-Fox Grant Deed"). Id., Ex. 3, p. 39.  The Foxes contend that, on or about December 13, 2007, Edith executed a quitclaim deed in favor of Anthony, bearing instrument number 20072738583, which deed purports to transfer title to the Property to Anthony Fox as his sole and separate property ("December 2007 Fox Deed" or the "Wild Deed"). Trustee's Decl., Ex. 12.  The Foxes allege they paid Debtors a total of $50,000 between the dates of December 1, 2006 and January 10, 2007.

On July 7, 2015, Trustee filed a motion to sell the Property under 11 U.S.C. § 363 ("Sale Motion"). Bankr. ECF doc. no. 40.  The Foxes filed an objection to the Sale Motion. Bankr. ECF doc. no.52.  The Foxes filed a complaint on July 29, 2015 to declare themselves as owners of the Property. Adversary No. 1:15-ap-01123 ("Adv. Proc.").  A First Amended Complaint was filed on September 28, 2015.  Adv. Proc. doc. no. 4; Trustee's Decl., Ex. 5. On October 13, 2015, the Trustee filed an answer to the First Amended Complaint and Counterclaims against the Foxes for Declaratory Relief, [and in the alternative] Enforcement of Vendors Lien, and Rescission for Failure of Consideration. Adv. Proc. doc. no. 7; Trustee's Decl., Ex. 6.  On March 29, 2016, Trustee filed a Motion for Summary Judgment.  The motion was denied because there were disputed issues of fact as to how the title report on which Trustee relied was prepared and what deeds were actually recorded at the Los Angeles County Recorder.

**Motions In Limine**

Plaintiffs filed motions *in limine* seeking to exclude the Progressive Title Co. report and its custodian of records witness on the basis that he was not designated as an expert and the report was hearsay. That motion was denied as the witness was testifying as to his personal knowledge of how the firm prepared title reports and not as an expert.  The hearsay objection was overruled based on Fed.R.Evid. 803(6), (8), and (17).

Trustee filed a motion *in limine* to exclude the expert witness testimony of Plaintiffs' counsel, either of the Foxes, or Phyllis Anderson or Mary Tanuda real estate brokers or agents who were at various times proposed as experts on notice, recording and property search issues as no report was ever prepared and they were not timely disclosed as experts. A second motion was filed to exclude notaries whom Plaintiff proposed to have testify about signatures on deeds between the Foxes and Nowlins. Lastly, Trustee sought to exclude the testimony of Gordon Nowlin on the basis of his incompetency.  Plaintiffs stipulated they would not call the notaries or Gordon, and were not planning on calling Anderson or Tanuda.  Trustee's motion was granted as to plaintiff's counsel who was not permitted to testify as an expert.

**Trial**

On July 29, 2016, the Court held a trial. At Plaintiff's repeated requests, and over Trustee's objection, the trial was bifurcated and the Court considered the initial issue of whether the Trustee had constructive notice of the Foxes interest in the Property. Both sides stipulated that only if the Trustee had constructive knowledge of the Foxes' interest in the property, would the remainder of the proffered testimony be relevant. Trustee called James Wood ("Wood"), the custodian of records for the preparation of the title report provided by Progressive Title Company ("Progressive"). Wood is currently an officer and had been the Operations Manager for Progressive and was quite familiar with how title reports were prepared. He explained the searches done by various data providers who access the county recorder records. The title company accessed a grantor-grantee search of the county records related to the Property and did not locate any deed referencing the Foxes. Wood testified that the deed between the Foxes would not have been found because it was outside the chain of title. Such deeds that do not appear in the chain of title are referred to as "wild deeds." See Exhibit 104. Wood also testified that an APN search would have been conducted to ascertain whether there were any tax liens on the property.

Progressive compiled a supplemental report, indicating that there was a quit claim deed dated December 3, 2007, executed by Edith Fox, wife of the grantee in favor of Anthony Fox (the "Supplemental Report"). See Exhibit 106. Wood testified that the information in the Supplemental Report was either brought to their attention by some third party, or it was later found by Progressive. Wood also testified that the information in paragraphs 11 and 12 of the Supplemental Report was obtained either by a third party or a subsequently found by Progressive, respectively a grant deed purporting to transfer the Property from Debtors to the Foxes, and a deed of trust to secure an original indebtedness from Debtors with the Foxes as beneficiaries under the deed of trust. Id.

Wood clarified that a Supplemental Report would not change an offer to issue a title insurance policy or the price of the offered policy. Instead, Wood explained that the Supplemental Report would only change the exceptions to the coverage of the proffered policy. While Wood testified that he was unaware of how the information in the Supplemental Report was obtained, the parties did stipulate that the information was provided to Progressive by Trustee. Defendants did not agree that the inclusion of the information in the Supplemental Report was *caused* by Trustee's disclosure, but no other evidence was introduced to show how Progressive would have found these additional deeds.

Trustee's title report shows that neither the 2006 Fox Deed of Trust or the December 2007 Fox Deed appeared on the title report, and argues that she did not have constructive notice of the Foxes' alleged interest in the Property. Trustee Decl., Ex. 7. Wood testified on cross examination that Progressive does not send a representative to the Recorder's office to search title, but instead relies on data providers to generate its title reports. He expanded on the use of data providers in the re-cross, explaining that different data providers may provide different information about the same piece of property.

Trustee introduced a certified copy of the declaration of Jaime Pailma, Document Recording Manager for the County Recorder ("Pailma"). In the declaration, Pailma attests that, after conducting a search, the 2006 Nowlin-Fox Grant Deed does not exist in the official records of Los Angeles County. Declaration of Jaime Pailma, Trustee Trial Ex. 109. Pailma also stated that the 2006 Fox Deed of Trust did not bear a recording stamp, and thus could not be found in the official records. Id.

Plaintiff sought to introduce the testimony of Anthony Fox to introduce a property profile prepared sometime in 2015 by his sister, Mary Tanaka, a real estate agent. Plaintiffs also tried to introduce Exhibit 1, the 2007 Fox Deed, stating that it was their "entire evidence on constructive notice." Trustee objected to the lack of foundation as to whether the 2007 Fox Deed was properly indexed, and relevance. Trustee's objection to the introduction of the deed and profile was sustained.

The Foxes also sought to introduce a copy of a "property profile" that Anthony obtained when he learned that the trustee in this case was trying to sell the Property (the "Fox Profile"). Declaration of Anthony Fox in Opposition to MSJ (the "Fox Decl."), ¶4. The Fox Profile, which appears to be dated September 25, 2008 at 14:59:14 p.m., lists the 2006 Fox Deed of Trust recordation number as the "Last Sale Data" for the Property and the transfer history appears to include information about the 2006 Fox Deed of Trust and Fox Note. Id., Ex. 4. The Trustee's objection to its admission was sustained as the report was never authenticated properly.

Following the bifurcated initial trial, Plaintiffs represented that they submitted all evidence related to the constructive notice issue, but requested an opportunity to brief in writing cases cited by the Trustee concerning wild deed and constructive notice. A short briefing schedule was set on that one issue. Plaintiff submitted such a brief, but also filed another declaration of Anthony Fox and a request for the Court to take further testimony and to allow further oral argument and offers of proof. The Court has reviewed the additional briefing and denies the request for further testimony, offers of proof, and oral argument. The issues have been argued multiple times, and Plaintiffs have had ample opportunity to both gather any additional evidence and properly submit it since the complaint was filed over a year ago. There have been two hearings on the summary judgment motion, and the court inquired multiple times before adjourning the trial if plaintiff had completed all its evidence on the initial question of constructive notice.

**Conclusions of Law**

**Section 544 (a)(3) and California Real Property Recording Law**

Section 544(a)(3) of Title 11 confers upon a trustee the status of a bona fide purchaser ("BFP") of real property. The court looks to applicable state law to determine whether the trustee's BFP status can defeat the rights of another party who claims an interest in the same property. Marc Weisman v. Peters (In re Weisman), 5 F.3d 417, 420 (9th Cir.1993); 5 Collier on Bankruptcy ¶ 544.08, at 544–15 (15th ed.2003) ("State law governs who may be a bona fide purchaser and the rights of such a purchaser for

purposes of section 544(a)(3)"). In other words, for Trustee to achieve the status of a bona fide purchaser here ("BFP"), Trustee must meet the requirements as set forth in applicable California state law.

California has established rules governing priority among parties who claim an interest in the same property. 5 Miller and Starr, California Real Estate § 11:1, at 7 (3rd ed. 2000) ("Laws and rules establishing priorities were created to settle disputes between various interests in real property by granting preference to one interest or class of interests over another."). Therefore, "a person who qualifies as a bona fide purchaser receives his or her interest free and clear of prior unknown interests." Id. § 11.3 at 15. In California, a purchaser for value of real estate without actual or constructive notice of a prior interest is given bona fide purchaser status. In re Theel, 876 F.2d 769, 772 (9th Cir. 1989) (interpreting Cal.Civ.Code §§ 1214, 1217). "The status of a BFP is defeated if the prospective purchaser has actual or constructive notice of the other party's interest in the property." Gates Rubber Company v. Harry Ulman, 214 Cal.App.3d 356, 364 (Cal.Ct.App.1989) (citations omitted); see also 5 Miller & Starr, § 11.3, at 15. "The absence of notice is an essential requirement in order that one may be regarded as a bona fide purchaser." Basch v. Tide Water Associated Oil Company, 49 Cal.App.2d Supp. 743, 746 (Cal.App. Dep't Super. Ct.1942).

In In re Tleel, 876 F.2d 769 (9th Cir. 1989), the debtors owned legal title to a property that had been acquired in part with Joseph Chbat, but debtors had allegedly bought out Chbat's interest prior to transferring the property to a third party, with debtors taking back a note and deed of trust for $400,000. Tleel, 876 F.2d at 770. The debtors later filed bankruptcy while a state court action was pending in which Chbat, a party who acquired the subject property with debtors, continued to claim the debtors' interest in the property should be held subject to a constructive trust in Chbat's favor based on an alleged oral contract with the debtors to share proceeds from the sale of the property 50/50. Id. After the bankruptcy court gave the debtors permission to sell the property free and clear of all liens or for the appointed chapter 7 trustee to proceed to foreclosure sale, Chbat filed an adversary proceeding seeking a constructive trust on the proceeds of the sale. Id. In ruling that the trustee as a bona fide purchaser of the subject property had no actual or constructive notice of Chbat's alleged interest under California law, the Ninth Circuit held that the trustee could take priority over Chbat's interest. Id. at 771-772. The Tleel trustee obtained this result despite Chbat's argument that § 541(d)(4) should apply, and despite the fact that the debtors and bankruptcy trustee were aware of Chbat's claim. Id. at 772. Trustee correctly cites Tleel to support her proposition that a trustee without constructive or inquiry knowledge can exercise the rights of a bona fide purchaser. Here, the Foxes maintain that their interest in the Property was recorded no later than May 2007, but provide no admissible evidence that the recording was done properly so that the Trustee would be on notice of it with a proper title search.

The law has been clear since 1901 that bona fide purchasers may rely on the proper indexing of documents after they are recorded. As stated in First Bank v. East West Bank, 199 Cal. App. 4th 1309, 1314-1315, 132 Cal. Rptr. 3d 267, 271-272, 2011 Cal. App. LEXIS 1306, *7-8 (Cal. App. 2d Dist. 2011):

> For Constructive notice is a legal "'fiction.'" (*Lewis v. Superior Court* (1994) 30 Cal.App.4th 1850, 1867 [37 Cal. Rptr. 2d 63].) For constructive notice to be conclusively presumed, the instrument or document must be "recorded as prescribed by law." (Civ. Code, § 1213; see *Hochstein v. Romero, supra*, 219 Cal.App.3d at p. 452; accord, *Lewis v. Superior Court, supra*, at p. 1866.) The phrase "recorded as prescribed by law" means the instrument must be indexed. (*Hochstein v. Romero, supra*, at p. 452; see *Cady v. Purser* (1901) 131 Cal. 552, 556–557 [63 P. 844].) "'A document not *indexed* as required by statute (see Gov. Code, §§ 27230–27265), does not impart constructive notice because it has not been recorded "*as prescribed by law*."' [Citation.]" (*Lewis v. Superior Court, supra*, at p. 1866, italics added.) For more than a century it has been the law in California that a party does not have constructive notice of a recorded instrument until that document has been properly indexed so it can be located through a search of the public records. (*Dyer v. Martinez* (2007) 147 Cal.App.4th 1240, 1243 [54 Cal. Rptr. 3d 907]; *Watkins v. Wilhoit* (1894) 104 Cal. 395, 399–400 [38 P. 53].)
>
> Stated otherwise, constructive notice of an interest in real property is imparted by the recording *and* proper *indexing* of an instrument in the public records. (Civ. Code, § 1213; *Dyer v. Martinez, supra*, 147 Cal.App.4th at pp. 1243–1246; *Watkins v. Wilhoit, supra*, 104 Cal. at pp. 399–400; *Cady v. Purser, supra*, 131 Cal. at p. 557; *Hochstein v. Romero, supra*, 219 Cal. App.3d at p. 452; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433 [71 Cal. Rptr. 2d 295].) The *recording* of a document does not impart constructive notice; "[t]he operative event [for purposes of constructive notice] is actually the indexing of the document … ." (*Lewis v. Superior Court, supra*, 30 Cal.App.4th at p. 1866.)

First Bank v. East West Bank, 199 Cal. App. 4th 1309 at 1314-1315.

The property profile is irrelevant to the determination of Trustee's inquiry notice because such information was obtained well after the bankruptcy petition was filed, and Plaintiffs have not established that Trustee should have known of those profile reports as of the Petition Date. Indeed, Plaintiffs have not identified one fact reasonably known to Trustee as of the Petition Date that would have required her to inquire further into the state of title to the Property. All facts available to Trustee led her to the reasonable conclusion that Debtors owned the Property as of the Petition Date.

The Foxes' "property profile" also was never authenticated by a witness with knowledge of how the report was compiled. See Fed.R.Evid. 901. Even if the Foxes'

property profile were considered, there was no evidence that Trustee would have been put on notice of the Fox deeds with any search of the grantor-grantee index, through a title company or at the County Recorder.

Although Edith Fox attempted to convey title to the Property to her husband Anthony Fox via the Wild Deed on December 13, 2007, Edith Fox was not previously granted the Property because the prior conveyance from the Debtors to Edith Fox dated May 11, 2007 was not recorded; thus a subsequent conveyance by Edith Fox was not reflected in the Property's chain of title. The Wild Deed did not appear in the Title Report. As such, Trustee was not on constructive notice of the Fox Plaintiff's purported interest in the Property, and took title to the Property in good faith, free and clear of any interest of Plaintiffs by virtue of 11 U.S.C.§ 544(a)(3).

The evidence is that Trustee, as of the petition date, had no notice (inquiry, constructive, or actual) of the Foxes' claimed interest and is thus entitled to exercise the rights of a bona fide purchaser under California law.  Plaintiffs have not provided this Court with any evidence that their interest is in the chain of title—just because a document is recorded does not mean it appears in the chain of title. "The policy of the law [requiring recordation and indexing] is to afford facilities for intending purchasers . . . in examining the records for the purpose of ascertaining whether there are any claims against [the land], and for this purpose it has prescribed the mode in which the recorder shall keep the records of the several instruments, and an instrument must be recorded as herein directed in order that it may be recorded as prescribed by law. If [improperly indexed], it is to be regarded the same as if not recorded at all." <u>Cady</u> v. <u>Purser</u>  131 Cal. 552, 558 (Cal. 1901).  Thus, it is not sufficient merely to record the document. "California has an 'index system of recording,' and . . . *correct indexing is essential* to proper recordation.  4 Witkin, Summary of Cal. Law, *op. cit. supra*, at p. 407; see also 3 Miller & Starr, Current Law of Cal. Real Estate (2d ed. 1989) Recording and Priorities, §§ 8:16-8:20, pp. 308-314.)" <u>See</u> <u>Hochstein v. Romero</u>, 219 Cal. App. 3d 447, 452 (Cal. App. 4th Dist. 1990).

Plaintiffs argue for an extension or change in the application of California law requiring a search of both Assessor's Parcel Number (APN) and the Grantor-Grantee index.. Plaintiffs argue that the Wild Deed was "duly" recorded. On this point, the Fox Plaintiffs argue that an APN search would have shown the Wild Deed even though the grantor/grantee index search would not, and that Trustee should be charged with heightened standards of notice because of her status as a "fiduciary." Plaintiffs also argue that Trustee has a heightened duty as a fiduciary.  Under California law, however, Trustee is charged only with the same knowledge as a bona fide purchaser.

APN indexing is not required in California, and Plaintiffs have not provided evidence that the Wild Deed would have appeared in an APN search. While Progressive does not appear to have conducted an APN search, such search is not required under California law for a party to claim BPF status. California Government Code sections 27230 through 27265 provide a specific and detailed method of indexing that counties must use when maintaining title records with regard to real properties. Importantly, APN indexing is not used in California, and instead, California counties use the grantor/grantee index for deeds to real property. Cal. Gov. Code §§ 27232 and

27233. To the extent an instrument does not appear in the grantor/grantee index, it is not in the "chain of title" and is a wild deed (and does not impart constructive notice). <u>Bothin v. California Title Insurance & Trust Co.</u>, 153 Cal. 718 (Cal. 1908); <u>First Bank v. East West Bank</u>, 199 Cal. App. 4th 1309 (2011), <u>Far West Savings & Loan Association v. McLaughlin</u>, 201 Cal. App. 3d 67 (1988).

The Court recognizes that this must seem to be an unfair result to the Foxes who believe they have a valid trust deed and sale from Debtors.  The evidence is far from clear as to why the Nowlin-Fox deed was never properly recorded.  Regardless of why it was not recorded, the absence of a properly recorded deed granting an interest to the Foxes leaves them without an interest as against a bona fide purchaser in this situation. Trustee's sale is governed by 11 U.S.C. § 544(a)(3), which gives the Trustee the status of a bona fide purchaser under California law. There simply is no constructive notice of the Nowlin-Fox transfer, so the Property may be sold to pay creditor claims in the Nowlin bankruptcy case.

Plaintiffs stress that they have done nothing wrong and allege that they are being defrauded out of the property by the Nowlins' failure to record the deed properly. Trustee has never alleged any wrongdoing by the Foxes and the Court certainly finds none.  This is simply a matter of law based on what the official property records reflect.

Trustee should submit a judgment an order reflecting this ruling.

###

Date: September 2, 2016

Maureen A. Tighe
United States Bankruptcy Judge